KIMBERLY A. DONOVAN (Cal. State Bar No. 160729)
SALLIE KIM (Cal. State Bar No. 142781)
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA  94043
(650) 428-3900
(650) 428-3901 [fax]

Attorneys for Defendants
COMMAX TECHNOLOGIES, INC.,
HENRY SHIOU-MING CHEN,
DAPHNE L. CHEN, JERSEY CHENEY (erroneously
Sued herein as JERSEY CHEN),
LIANG-WANG HOW, CHEN-LING KONG,
KUO REUIH PAN,
and SUNNY CHEN YOUNG

*ORDER E-FILED 3/7/2007*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY, AMERICAN INSTITUTE OF PHYSICS, BLACKWELL PUBLISHING, INC., ELSEVIER, INC., INFORMA UK LTD., INFORMA USA, INC., SPRINGER SCIENCE AND BUSINESS MEDIA, LLC, TAYLOR & FRANCIS GROUP LTD., WILEY PERIODICALS, INC., and WILEY-LISS, INC.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>COMMAX TECHNOLOGIES, INC., COMMAX WORLDWIDE, HENRY SHIOU-MING CHEN, DAPHNE L. CHEN, JERSEY CHEN, SUWEI HO a/k/a SOPHIE HO, LIANG-WANG HOW, CHEN-LING KONG, KUO REUIH PAN, and SUNNY CHEN YOUNG,<br><br>   Defendants. | No.   C-06-4414 JW HRL<br><br>STIPULATED PROTECTIVE ORDER<br><br>**(MODIFIED BY THE COURT)** |

PROTECTIVE ORDER                    -1-

The parties to the above-entitled action hereby stipulate and agree to the following Protective Order:

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties further acknowledge that entering into, agreeing to, and/or producing or receiving Confidential Information (defined below), or otherwise complying with the terms of this Stipulated Protective Order shall not operate as an admission that any particular Confidential Information contains or reflects trade secrets or any other type of confidential information.

### 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including,

PROTECTIVE ORDER            -2-

among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive measures.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material in this action.

2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel:  attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor

PROTECTIVE ORDER			-3-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1  of a Party.  This definition includes a professional jury or trial consultant retained
2  in connection with this litigation.
3              2.13 Professional Vendors: persons or entities that provide litigation
4  support services (e.g., photocopying; videotaping; translating; preparing exhibits or
5  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
6  and their employees and subcontractors.
7          3. SCOPE
8      The protections conferred by this Stipulation and Order cover not only
9  Protected Material (as defined above), but also any information copied or
10 extracted therefrom, as well as all copies, excerpts, summaries, or compilations
11 thereof, plus testimony, conversations, or presentations by parties or counsel to or
12 in court or in other settings that might reveal Protected Material.
13         4. DURATION
14     Even after the termination of this litigation, the confidentiality obligations
15 imposed by this Order shall remain in effect until a Designating Party agrees
16 otherwise in writing or a court order otherwise directs. ∧**This court will retain jurisdiction to enforce the terms of this order for a period of six months after the final termination of this action.**
17         5. DESIGNATING PROTECTED MATERIAL
18             5.1 Exercise of Restraint and Care in Designating Material for
19 Protection. Each Party or non-party that designates information or items for
20 protection under this Order must take care to limit any such designation to specific
21 material that qualifies under the appropriate standards.  A Designating Party must
22 take care to designate for protection only those parts of material, documents,
23 items, or oral or written communications that qualify – so that other portions of the
24 material, documents, items, or communications for which protection is not
25 warranted are not swept unjustifiably within the ambit of this Order.
26             Mass, indiscriminate, or routinized designations are prohibited.
27 Designations that are shown to be clearly unjustified, or that have been made for
28 an improper purpose (e.g., to unnecessarily encumber or retard the case

PROTECTIVE ORDER                          -4-

1  development process, or to impose unnecessary expenses and burdens on other
2  parties), expose the Designating Party to sanctions.
3           If it comes to a Party's or a non-party's attention that information or
4  items that it designated for protection do not qualify for protection at all, or do not
5  qualify for the level of protection initially asserted, that Party or non-party must
6  promptly notify all other parties that it is withdrawing the mistaken designation.
7           5.2 <u>Manner and Timing of Designations.</u> Except as otherwise
8  provided in this Order (see, e.g., second paragraph of section 5.2(a) and 5.3,
9  below), or as otherwise stipulated or ordered, material that qualifies for protection
10 under this Order must be clearly so designated before the material is disclosed or
11 produced.
12          Designation in conformity with this Order requires:
13          (a) for information in documentary form (apart from transcripts
14 of depositions or other pretrial or trial proceedings), that the Producing Party affix
15 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
16 ONLY" at the top of each page that contains protected material.  A Party or non-
17 party that makes original documents or materials available for inspection need not
18 designate them for protection until after the inspecting Party has indicated which
19 material it would like copied and produced.  During the inspection and before the
20 designation, all of the material made available for inspection shall be deemed
21 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting
22 Party has identified the documents it wants copied and produced, the Producing
23 Party must determine which documents, or portions thereof, qualify for protection
24 under this Order, then, before producing the specified documents, the Producing
25 Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that
27 contains Protected Material.
28

PROTECTIVE ORDER                    -5-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after delivery of the draft transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.  During the 20 day period when protected testimony may be identified the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the period when protected testimony may be identified, if any testimony was identified as protected, then a new transcript shall be prepared with the protected portions separated, as set forth in this Stipulated Protective Order, and all copies of the draft transcript shall be destroyed.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  Transcript pages containing Protected Material in electronic form must be segregated in a separate electronic file, and (i) the file name must indicate that the file is "CONFIDENTIAL" or "HIGHLY

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, and (ii) and the same designation should be visible when the file is first opened.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The file name of any electronic file containing Protected Material must indicate that the file is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be, and the same designation should be visible when the file is first opened.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

PROTECTIVE ORDER -7-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and under the Local Rules, and further that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

The provisions of this Order shall not apply to any document or information contained therein which are obtained from non-privileged sources other than through discovery or which are before or after designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" become, as a matter of public record on file with any governmental or regulatory agency or board or otherwise available from publicly accessible sources.

Nothing in this Order shall apply to (1) a Producing Party's use of its own Protected Material for any purpose or (2) its own use of documents or other information developed or obtained independently of discovery in this action for any purpose.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

(b) the Receiving Party and officers, directors, agents and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel, including jurors;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that Protected Material shall not be disclosed to any third party that is a business competitor of the Designating Party without prior notice to counsel for the Designating Party so that such counsel shall have the opportunity to seek further protection as appropriate. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be, to the extent practicable, separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information and any person who on the face of a document containing Protected Material is indicated to be or is otherwise known to be the addressee or copy recipient of the document.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) House Counsel of the Receiving Party if such counsel is actively engaged in the conduct of this litigation, is not involved in competitive decision making, and has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel, including jurors;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (f) the author of the document or the original source of the information and any person who on the face of a document containing Protected Material is indicated to be or is otherwise known to be the addressee or copy recipient of the document.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

PROTECTIVE ORDER     -11-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>**FILING PROTECTED MATERIAL.**</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>**FINAL DISPOSITION.**</u> Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  No person or party shall be deemed in breach of this paragraph until and unless they or their counsel have received a written demand for compliance herewith after compliance became due and forty-five days have elapsed without compliance.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1  Material remain subject to this Protective Order as set forth in Section 4
2  (DURATION), above.
3      "Final termination of this action" means the expiration of appeal periods or
4  the execution of a settlement agreement among all the parties finally disposing of
5  this action.
6
7      12. MISCELLANEOUS
8          12.1 Right to Further Relief. Nothing in this Order abridges the right
9  of any person to seek its modification by the Court in the future or prevents the
10 parties to this Order from agreeing to alter or waive the provisions or protections
11 provided for herein with respect to any particular discovery material.
12         12.2 Right to Assert Other Objections. By stipulating to the entry of
13 this Protective Order no Party waives any right it otherwise would have to object to
14 disclosing or producing any information or item on any ground not addressed in
15 this Stipulated Protective Order or from seeking a determination by the Court that
16 particular material be produced.  Similarly, no Party waives any right to object on
17 any ground to use in evidence of any of the material covered by this Protective
18 Order.
19
   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
20
   DATED: March 6, 2007			KOTIN, CRABTREE & STRONG LLP
21
22
23					/s/ William S. Strong_____
					William S. Strong
24
25
					Attorneys for Plaintiffs AMERICAN
26					CHEMICAL SOCIETY, AMERICAN
					INSTITUTE OF PHYSICS, BLACKWELL
27					PUBLISHING, INC., ELSEVIER, INC.,
					INFORMA UK LTD., INFORMA USA,
28

PROTECTIVE ORDER			-14-

INC., OXFORD UNIVERSITY PRESS, SPRINGER SCIENCE AND BUSINESS MEDIA, LLC, TAYLOR & FRANCIS GROUP LTD., WILEY PERIODICALS, INC., and WILEY-LISS, INC.,

DATED: March 1, 2007          GCA LAW PARTNERS LLP

/s/ Kimberly Donovan
Kimberly Donovan

Attorneys for Defendants COMMAX TECHNOLOGIES, INC., HENRY SHIOU-MING CHEN, DAPHNE L. CHEN, JERSEY CHENEY (erroneously sued herein as JERSEY CHEN), LIANG-WANG HOW, CHEN-LING KONG, KUO REUIH PAN, and SUNNY CHEN YOUNG

DATED: March 1, 2007          ROGERS JOSEPH & O'DONNELL

/s/ Thomas Carlson
Thomas Carlson

Attorneys for Defendant Suwei (Sophie) Ho

PURSUANT TO STIPULATION, **(AS MODIFIED BY THE COURT),** IT IS SO ORDERED.

DATED: **March 7, 2007** _____
Hon. ~~James Ward~~ HOWARD R. LLOYD
United States ~~District~~ Judge
                Magistrate

PROTECTIVE ORDER          -15-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *American Chemical Society, et al. v. Commax Technologies, Inc. et al.*, Case No. C-06-4414-JW-HRL, U.S. District Court for the Northern District of California    I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　　　　[printed name]

Signature: _____
　　　　　　　　[signature]

PROTECTIVE ORDER                                      -16-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900